```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                        ATHENS DIVISION
```

| | |
|---|---|
| DOREEN A. TAYLOR, | * |
| Plaintiff, | * |
| vs. | *   CASE NO. 3:09-CV-022 (CDL) |
| WALMART STORES EAST, LP, | * |
| Defendant. | * |

## O R D E R

Presently pending before the Court is Defendant's Motion for Judgment on the Pleadings (Doc. 8). The Court previously notified the parties that it would treat Defendant's motion as a motion for summary judgment and notified Plaintiff, who is proceeding *pro se*, of the significance of a motion for summary judgment and of her burden to present evidence in response to the motion. (Order, June 23, 2009, Doc. 13.). The Court now grants Defendant's Motion for Judgment on the Pleadings/Motion for Summary Judgment. All other pending motions are therefore moot.

### SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment has the burden to show that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the summary judgment movant

meets its burden, the burden shifts and the nonmoving party must produce evidence to show that there *is* a genuine issue of material fact. *Id.* at 324. The nonmoving party must "go beyond the pleadings," *id.,* and point the Court to "specific facts showing a genuine issue for trial," Fed. R. Civ. P. 56(e)(2); *accord Celotex Corp.*, 477 U.S. at 324.

The movant is entitled to summary judgment if, after construing the evidence in the light most favorable to the nonmoving party and drawing all justifiable inferences in favor of the nonmoving party, no genuine issues of material fact remain to be tried. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). It is not enough to have *some* alleged factual dispute; there must be a genuine issue of material fact to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 247-48. A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for Plaintiff—there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *accord Anderson*, 477 U.S. at 248.

## FACTUAL BACKGROUND

Plaintiff alleges that she slipped and fell in Defendant's store. Under Georgia law, the statute of limitations for personal injuries is two years. O.C.G.A. § 9-3-33. The incident at issue

here happened December 21, 2006.  Plaintiff filed this action on December 22, 2008[1] and also filed an amended complaint on January 7, 2009.  Service did not occur until January 20, 2009.

In their Motion for Judgment on the Pleadings, Defendants pointed to the face of the summons and noted that it was stamped "received" on January 14, 2009, suggesting that Plaintiff did not attempt to serve her Complaint until several weeks after she filed it.  (Def.'s Mot. for J. on the Pleadings 4.)  Plaintiff's supplemental response to Defendant's Motion for Judgment on the Pleadings confirms that Plaintiff first initiated service of her Complaint and Summons on January 12, 2009.  (Pl.'s Supp. Resp. to Def.'s Mot. For J. On the Pleadings 2.)  Plaintiff appears to argue that her work schedule and a lack of funds prevented her from seeking timely service before then.  (*Id.*)  Plaintiff did not, however, present any evidence on these issues.  Defendant presented evidence that Plaintiff knew the name and address of Defendant's registered agent as of December 15, 2008.  (Exhibit A to Def.'s Reply Brief in Supp. of Mot. for Summ. J. 2.)  In addition, the Complaint reveals that Plaintiff knew the address and store number of the store where she was injured.  (Compl. ¶ 1.)

---

[1]The two-year anniversary of Plaintiff's injury fell on a Sunday, so Plaintiff had until Monday, December 22, 2008 to file her Complaint. *See* O.C.G.A. § 1-3-1(d)(3).

3

DISCUSSION

Under Georgia law, "[t]he mere filing of a complaint does not commence suit unless timely service is perfected as required by law." *Montague v. Godfrey*, 289 Ga. App. 552, 554, 657 S.E.2d 630, 634 (2008). When the statute of limitations expires between the date of filing and the date of service, whether that service relates back to the date of filing—effectively tolling the statute of limitations—depends on the length of time and the diligence of the plaintiff. *E.g.*, *Williams v. Bragg*, 260 Ga. App. 377, 378, 579 S.E.2d 800, 801 (2003). The test is whether Plaintiff "acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible."[2] *Id.* Plaintiff has the burden to show that she acted in a reasonable and diligent manner. *Id.* Here, the evidence shows that Plaintiff filed her Complaint on December 22, 2008 and did not attempt to initiate service until January 12, 2009. Plaintiff presented no evidence to suggest that she was reasonably diligent in attempting to obtain proper service. Rather, the evidence before the Court is that as of the day she filed her Complaint, Plaintiff knew Defendant's store address and the name and address of Defendant's registered agent. Nonetheless, Plaintiff did not attempt to initiate service until three weeks after she filed

---

[2] In her supplemental response, Plaintiff refers to a "seven-day period" and a "twenty-eight-day statute." There is not a specific required timeframe for serving a Complaint; the requirement is that a Plaintiff act in a "reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible." *Williams*, 260 Ga. App. at 378, 579 S.E.2d at 801.

her Complaint. Plaintiff has offered no evidence to explain or justify this delay. The Court therefore finds that Plaintiff has not met her burden of showing that she was reasonably diligent in attempting to obtain proper service. Accordingly, service does not relate back to the date of filing, and Plaintiff's action is untimely.

CONCLUSION

For the foregoing reasons, the Court grants Defendant's Motion for Judgment on the Pleadings/Motion for Summary Judgment. All other pending motions are therefore moot.

IT IS SO ORDERED, this 15th day of July, 2009.

                                    S/Clay D. Land
                                        CLAY D. LAND
                                  UNITED STATES DISTRICT JUDGE